Illinois Terminal Railroad Company, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

DEBTOR AND CREDITOR—*how relation established.* One party cannot voluntarily make himself the creditor of another. A payment made for the benefit of another is voluntary unless made upon the request of such other or unless there has been a subsequent express promise to repay it.

Assumpsit. Appeal from the City Court of Alton; the Hon. J. E. DUNNEGAN, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

HENRY S. BAKER, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action in assumpsit by appellee to recover damages from appellant for the cost of repairing an injury to an interlocking plant, and the tracks of the railway of appellee, caused by the derailment of a train of the Chicago and Alton R. R. Co. Appellee had judgment, and one of the controverted questions was whether there could be a recovery in this form of action.

According to the evidence, about which there is no dispute, the appellee operated a railroad from Alton to Edwardsville and on its line it crosses at grade the tracks of a traction company, the Chicago and Alton R. R. Co. and the tracks of appellant, all of which are parallel and near together. At the point of crossing these tracks appellee maintained an interlocking plant for the control of trains passing over either of said tracks. The plant was operated by the employes of appellee by means of signals.

The tracks of appellant and of the Chicago and Alton Co. are used by both of said companies. The trains of both using the westerly or Chicago and Alton tracks going south, and the easterly or appellant's track going north. This method of use resulted from some arrangement between the companies the nature of which does not appear.

On the morning of July 11, 1908, a north-bound freight train of the Chicago and Alton R. R. running over appellant's tracks was derailed at or near the crossing resulting in damaging the interlocking plant to the extent that it was put out of service and had to be repaired. The chief engineer of appellee immediately made arrangements to put the plant in repair, ordered the necessary material and repaired it. The cost amounted to $1,354.85.

After the accident, the appellee notified appellant of it by letter July 11th; and again on July 14th appellee wrote appellant that inasmuch as the train was operating over appellant's tracks appellee would expect it to pay the total cost of damage, and asking authority to bill on appellant company accordingly. Receiving no reply to the letter ap-

104 APPELLATE COURTS OF ILLINOIS.

Illinois Ter. Ry. Co. v. C., C. C. & St. L. Ry. Co,, 157 Ill. App. 102.

pellee on August 4th wrote again calling attention to its claim, and on August 25th received the following letter:

"August 25, 1908.

Mr. H. H. Ferguson

Referring to your letter of July 24th and tracer of August 4th regarding derailment of C. & A. extra 458 at Wood River July 11th, I am in receipt of advice from J. W. Mulhern, Supt. C. & A. under date of August 21st that he will accept your bill for the damage.

Hadley Baldwin."

H. H. Ferguson was the general manager of the appellee company and Hadley Baldwin the superintendent of appellant.

On January 18, 1909, appellee again wrote appellant that the C. & A. declined to pay the bill and requested payment. Other correspondence followed in which liability to pay was claimed by appellee and denied by appellant.

When appellee put in its crossing and erected its interlocking plant there in 1899, the parties entered into an agreement concerning its installment and operation in which was the following provision: "If any losses or damages occur at said crossing it is mutually agreed and understood that each party shall bear its own losses or damages according as it shall be found liable therefor."

We are unable to find any evidence in this record of any express contract or agreement on the part of appellant to pay the damages claimed. The provision in the contract above set forth does not contemplate it. This was an agreement that each should bear its own losses to itself or third parties and not to each other. But as we understand appellee's position, liability is not claimed to arise from this provision, but from the letter of appellant of August 25 hereinbefore set forth. As we read that letter there is no admission of liability in it nor is there any promise or any expression used from which a promise could be implied so that if there can be a recovery it must be, that assuming appellant liable in tort (which is not here decided) can appellee waive such tort and sue and recover in assumpsit.

Tate v. Missouri Pacific Ry. Co., 157 Ill. App. 105.

The declaration contains two special counts and the common counts. There was, as we have said, no express promise and therefore no evidence to support the special counts, and it was sought to recover on the common count of *indebitatus assumpsit* for money paid for the use of appellant at its request either express or implied.

We are of opinion there was no relation of debtor and creditor established between the parties arising out of any implied obligation. It is a familiar principle that one party cannot voluntarily make himself the creditor of another. Such payment must either be made upon request or there must be a subsequent express promise to repay that which in equity and good conscience ought to be paid to warrant a recovery in an action of *indebitatus assumpsit,* neither of which is present in this case.

There are cases in which a party may in the absence of a promise waive the tort and sue and recover damages in assumpsit, but so far as we are advised such cases only arise where goods have been wrongfully taken and converted into money, or money's worth. In such case the injured party may sue in trespass or trover, or he may affirm the sale by the wrongdoer and recover in assumpsit, upon the principle that the wrongdoer has received money to the use of the injured party which in equity and good conscience he ought not retain; but unless so converted the tort cannot be waived. Morrison v. Rogers, 3 Ill. 318; Deverill v. Salisbury, 61 id. 316; Creel v. Kirkham, 47 id. 344; Webster v. Drinkwater, 17 Am. Dec. 238.

Assumpsit did not lie to recover damages in this case and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*